## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 22-CV-01151-RP** |
| **JOSHUA CHODNIEWICZ,** | § | |
| **NATALIE D. CHODNIEWICZ,** | § | |
| **and WELLS FARGO BANK, N.A.,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
     **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States' Motion for Entry of Default Judgment Against Defendants Joshua Chodniewicz and Natalie D. Chodniewicz, filed February 6, 2023. Dkt. 14. By Text Order entered February 8, 2023, the District Court referred the motion to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background

On November 7, 2022, the United States filed this federal tax lien action against Joshua Chodniewicz and Natalie D. Chodniewicz, a married couple and owners of certain real property located at 4305 Edgemont Drive, Austin, Texas 78731 ("Property"). Complaint, Dkt. 1.[1] Plaintiff alleges that the Chodniewiczs failed to pay more than $1 million in federal income tax and

---

[1] Plaintiff also joined Wells Fargo Bank, N.A. as a defendant, as required by 26 U.S.C. § 7403(b), "because it may claim an interest in the property upon which the United States seeks to enforce its liens." Dkt. 1 ¶ 7.

penalties for the 2011 and 2019 tax periods. *Id.* ¶ 11. Plaintiff seeks a judgment that (1) the Chodniewiczs are jointly and severally liable to Plaintiff for income tax liabilities of $1,055,620.22, plus statutory additions and prejudgment and post judgment interest, under 26 U.S.C. § 7402; and (2) Plaintiff may enforce a federal tax lien against the Property under 26 U.S.C. §§ 6321, 6322.

Plaintiff served its Complaint on the Chodniewiczs on November 30, 2022. Dkts. 4, 5. The Chodniewiczs have not made an appearance and have failed to plead, respond, or otherwise defend.[2] On February 1, 2023, the Clerk entered default against the Chodniewiczs under Rule 55(a). Dkt. 13. Plaintiff now asks the Court to enter default judgment under Rule 55(b)(2).

## II. Legal Standard

Rule 55 governs entry of default and default judgment. "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may apply for a default judgment based on such default. FED. R. CIV. P. 55(b)(2).

> The role of a district court in adjudicating a motion for default judgment is limited. Though the Federal Rules of Civil Procedure allow trial courts, before granting a default judgment, to "conduct hearings or make referrals" in order to "establish the truth of any allegation by evidence," FED. R. CIV. P. 55(b)(2), longstanding precedent circumscribes that factfinding authority. "The defendant, by his default, admits the plaintiff's well[-]pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
> Thus, the district court takes as true the facts asserted by a plaintiff against a defaulting defendant. That principle is firmly established, but it is not without limits. Even when a defendant is in default, a plaintiff is not

---

[2] Defendant Wells Fargo Bank N.A. filed an Answer on December 7, 2022. Dkt. 7. There is no risk for inconsistent judgments because Plaintiff is not attempting to hold Wells Fargo jointly and severally liable with the Chodniewiczs. *See Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) ("When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant.").

> "entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75
> F.3d 207, 212 (5th Cir. 1996) (per curiam). Most notably, after default is
> entered, the court must still determine damages.

*Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (footnote omitted). In addition, the

defendant "is not held to admit facts that are not *well-pleaded* or to admit conclusions of law."

*Nishimatsu*, 515 F.2d at 1206. Even if a defendant defaults, a court may deny default judgment if

the plaintiff has failed to state a claim on which relief can be granted. *Escalante*, 34 F.4th at 493.

A party seeking a default judgment must make a prima facie showing of jurisdiction in the

pleadings and records before a court will enter default judgment. *Sys. Pipe & Supply, Inc. v. M/V*

*VIKTOR KURNATOVSKIY*, 242 F.3d 322, 325 (5th Cir. 2001). If jurisdiction exists, the district

court will apply a three-part test to determine whether a default judgment should be entered.

*Certain Underwriters at Lloyd's London v. Gonzalez*, No. 1:20-CV-343-RP, 2021 WL 2470363,

at *1 (W.D. Tex. Jan. 26, 2021); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823

(W.D. Tex. 2020). First, the court considers whether entry of default judgment is procedurally

warranted. Second, the court assesses the substantive merits of the plaintiff's claims to determine

whether there is a sufficient basis in the pleadings for judgment. *Id.* Finally, the court determines

what relief, if any, the plaintiff should receive. *Id.*

### III.    Analysis

The Court has federal question jurisdiction over this lawsuit under 26 U.S.C. § 7402(a):

> The district courts of the United States at the instance of the United
> States shall have such jurisdiction to make and issue in civil
> actions, writs and orders of injunction, and of *ne exeat republica*,
> orders appointing receivers, and such other orders and processes,
> and to render such judgments and decrees as may be necessary or
> appropriate for the enforcement of the internal revenue laws.

The Court applies the three-part test to determine whether Plaintiff's Motion should be granted.

## A.  Default Judgment Is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, district courts consider the following factors:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Applying these factors, the Court finds that default judgment is procedurally warranted. First, because the Chodniewiczs have not filed an answer or any responsive pleadings, there are no material facts in dispute. *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, the Chodniewiczs' failure to file responsive pleadings "threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019) (quoting *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015)). Third, the grounds for default are "clearly established." As stated, the clerk has entered default against the Chodniewiczs. Dkt. 13. Fourth, because the Chodniewiczs have failed to appear, the Court can find no good-faith mistake or excusable neglect on their part. Fifth, the United States seeks only the relief to which it is entitled under the law, thus mitigating the harshness of a default judgment. Finally, this Court is unaware of any facts giving rise to good cause to set aside default judgment if challenged by the Chodniewiczs.

**B.  Sufficient Basis for Judgment in the Pleadings**

Next, the Court must assess the substantive merits of Plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment requested. Default judgment is proper only if the well-pleaded factual allegations in Plaintiff's Complaint establish a valid cause of action. *Nishimatsu*, 515 F.2d at 1206. Courts are to assume that by its default, the defendant admits all well-pleaded facts in the complaint. *Id.*; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). However, "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff alleges that the Chodniewiczs are jointly and severally liable for $1,055,620.22 in unpaid federal taxes and penalties under 26 U.S.C. § 7403. The Internal Revenue Code provides that once a person who owes taxes to the United States refuses a demand for such taxes, the

United States will have a lien in its favor on all property and rights to property, real or personal, belonging to that person. 26 U.S.C. § 6321. Liens under § 6321 arise on the date that the IRS assesses unpaid taxes, apply to currently owned and after-acquired property, and continue until the taxpayer satisfies the debt. *Tex. Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 161 (5th Cir. 1990). The United States may perfect its interest in real property encumbered by a tax lien by filing notice of a federal tax lien in the real property records of the county where the property is located. 26 U.S.C. § 6323(f)(1)(A)(i), (2)(A). And it may bring suit in district court to enforce its lien against "any property, of whatever nature," belonging to the delinquent taxpayer. 26 U.S.C. § 7403(a). It may further enforce its tax lien through a foreclosure sale. *Id.* A district court may order sale of a property of a delinquent taxpayer, regardless of state homestead exemptions. *United States v. Rodgers*, 461 U.S. 677, 694 (1983) (interpreting 26 U.S.C. § 7403).

Plaintiff alleges that the Chodniewiczs are liable under 26 U.S.C. § 7403 for failing to pay their federal income tax liabilities in the amount of $1,055,620.22 for the years 2011 and 2019. Dkt. 1 ¶ 12. Plaintiff further alleges that the Internal Revenue Service publicly filed Notices of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) with the County Recorder of Travis County, Texas, as to Plaintiff's tax liabilities. *Id.* ¶ 15. Plaintiff further alleges that the Chodniewiczs own Real Property, and that the United States' federal tax liens attach to their Real Property at the time of assessment. Plaintiff also alleges that under 26 U.S.C. § 7403, Plaintiff may enforce the federal tax liens against the Real Property owned by foreclosure sale or other court orders. In particular, Plaintiff alleges that it may have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption. By not answering, the

Chodniewiczs have admitted all these facts. *Nishimatsu Const.*, 515 F.2d at 1206. These facts establish that Plaintiff is entitled to relief.

## C.  Proper Relief

The plaintiff bears the burden to bring forth competent evidence in support of the damages it seeks under a default judgment. *United States IRS v. Precision Craft Cabinets, Inc.*, No. SA-19-CA-1110-DAE, 2020 WL 13421127, at *3 (W.D. Tex. Aug. 3, 2020), *R. & R. adopted*, 2020 WL 13421126 (W.D. Tex. Aug. 27, 2020). When a party seeks a default judgment, damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents" and a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993). A district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment. *Id.* at 310.

Because the amount of damages in this case can be determined by reference to the pleadings and supporting documents, an evidentiary hearing is unnecessary. *See J & J Sports,* 126 F. Supp. 3d at 814 ("[I]f the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary."). In addition to the allegations in the Complaint, Plaintiff has provided a sworn declaration from Nestor Portillo, an IRS Revenue Officer, with documentation from the IRS showing that the Chodniewiczs owe the United States $1,061,647.65 in back taxes and penalties for the years 2011 and 2019. Dkt. 14-1. *See Precision Craft Cabinets*, 2020 WL 13421127, at *3 ("To meet this burden, Plaintiffs may submit affidavits and declarations to provide an evidentiary basis for the damages they seek."). Plaintiff also has attached a Certificate of Assessments Payments and

Other Specified Matters showing the balance owed to Plaintiff. Dkt. 14-3. "The United States Court of Appeals for the Fifth Circuit has held Form 4340 Certificates of Assessments and Payments are presumptive proof of a valid assessment and prima facie evidence of tax liabilities." *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *5 (W.D. Tex. May 25, 2018) (quoting *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992)). Plaintiff has come forward with competent evidence to support its claim for damages of $1,061,647.65. Plaintiff is entitled to prejudgment and post-judgment interest on the amount owed. 26 U.S.C.§§ 6601, 6621, 6622. Plaintiff also has valid and enforceable tax liens against the Real Property and may foreclose and sell the Real Property under the above statutes.

The Court finds that Plaintiff has met all three factors of the relevant test. Therefore, the Court recommends that the Motion for Default Judgment should be granted.

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT the** United States' Motion for Default Judgment Against Defendants Joshua Chodniewicz and Natalie D. Chodniewicz (Dkt. 14) and **ENTER** the following **DEFAULT JUDGMENT** against Defendants Joshua Chodniewicz and Natalie D. Chodniewicz under Rule 55(b), finding that:

(1) Defendants Joshua Chodniewicz and Natalie D. Chodniewicz are jointly and severally liable to the United States for income tax liabilities for the tax periods ending December 31, 2011, and December 31, 2019, in the amount of $1,061,647.65, as of February 1, 2023, plus statutory additions, including prejudgment and post judgment interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), that continue to accrue until paid;

(2) Federal tax liens arose on the dates of the assessments against Joshua Chodniewicz and Natalie D. Chodniewicz for the tax periods 2011 and 2019, and attached to all property and rights to property belonging to Defendants Joshua Chodniewicz and Natalie D. Chodniewicz, including their Real Property located at 4305 Edgemont Drive, Austin, Texas 78731, which is more particularly described in paragraph 8 of the United States' Complaint (Dkt. 1); and

(3) The United States may enforce the federal tax liens for the tax periods 2011 and 2019 against the real property located at 4305 Edgemont Drive, Austin, Texas 78731 by foreclosure sale or other court orders. These orders include sale of the entire real property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption and that the proceeds of sale be distributed in accordance with the determination by the Court with respect to the priorities of the claims of the parties, including the proceeds payable to the United States to be applied to Defendants Joshua Chodniewicz and Natalie D. Chodniewiczs' unpaid federal tax liabilities as set forth above.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 28, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE